UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE FARNSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV01689 ERW |
| | ) | |
| COVIDIEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Covidien, Inc.'s Motion for Bill of Costs [doc. #30]. Defendant seeks $9,573.70 in transcript fees, and has provided documentation supporting the requested amount. Plaintiff Denise Farnsworth opposes Defendant's Motion, arguing that most of the requested costs should be disallowed because they were not necessary for the preparation of Defendant's case.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." ***Brisco-Wade v. Carnahan***, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. ***Pershern v. Fiatallis North America, Inc.***, 834 F.2d 136, 140 (8th Cir. 1987).

On January 11, 2010, this Court granted Defendant's Motion for Summary Judgment and dismissed all of Plaintiff's claims with prejudice. Thus, Defendant is the prevailing party in this case, and may be reimbursed for certain costs, including fees for transcripts. Because Plaintiff opposes Defendant's request for costs, the Court will examine each of the requested amounts challenged by Plaintiff, to determine if the cost should be granted or denied. Defendant only seeks fees for transcripts, so the Court will examine whether each of the requested fees is associated with a transcript that was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); ***see also Zotos v. Lindbergh Sch. Dist.***, 121 F.3d 356, 363 (8th Cir. 1997) (noting that the Eighth Circuit "has held that even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative" (internal alterations and quotations omitted)).

First Plaintiff objects to Defendant's request for the cost of transcripts of the depositions of Stephanie Maher-Lodholz, Ginger Claflin, Brett Steckler, and Chuck Smith. Plaintiff argues that the transcripts were not necessary because they were not used in Defendant's Motion for Summary Judgment and because the information gathered during the depositions was not necessary for the preparation of Defendant's case. The Court disagrees, and finds that the depositions and associated transcripts were necessary for the preparation of Defendant's case.

"'[T]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'" *Zotos*, 121 F.3d at 363 (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)) (alteration in original). At the time that the depositions of Stephanie Maher-Lodholz, Ginger Claflin, Brett Steckler, and Chuck Smith were taken, it was entirely reasonable for Defendant to believe that the depositions were necessary, especially because it was *Plaintiff* who initially requested these depositions. Accordingly, the Court will award Defendant the $647.50 requested for the transcripts of the depositions of Stephanie Maher-Lodholz, Ginger Claflin, and Brett Steckler; and the $645.30 requested for the transcript of the deposition Chuck Smith.[1]

Next, Plaintiff objects to Defendant's request for the costs associated with videotaping the depositions of Stephanie Maher-Lodholz, Ginger Claflin, Brett Steckler, Plaintiff Denise Farnsworth, and Chuck Smith. Plaintiff argues that these videotapes were not used in Defendant's Motion for Summary Judgment, and that they were duplicative of the deposition transcripts that Defendant purchased. The Court disagrees. It is irrelevant that the videotapes were not actually used in Defendant's Motion for Summary Judgment because at the time of the depositions, it was reasonable to believe that videotapes would be necessary at trial if any of the witnesses were unable to testify in person, or if a witness testified inconsistently with his or her deposition testimony. Additionally, it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal

[1]The bill for the transcript of Chuck Smith's deposition was $788.30. The $645.30 awarded here by the Court represents the total bill, less the cost of the rough ASCII transcript ($143.00), which is discussed in a subsequent paragraph.

communication, while the videotape captures both verbal and nonverbal communication. Moreover, the Eighth Circuit has specifically found that "the costs of video depositions are included under § 1920." *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). Thus, the Court will award Defendant the $5,708.75 requested for the videotaping of the depositions of Stephanie Maher-Lodholz, Ginger Claflin, Brett Steckler, Plaintiff Denise Farnsworth, and Chuck Smith.

Next, Plaintiff objects to Defendant's request for the cost of the transcript of Plaintiff's own deposition. Plaintiff alleges that the listed transcript fee of $1,374.75 includes an original transcript and a copy of that transcript, and she argues that the copy of the transcript was not reasonably necessary. Defendant explains that the $1,374.75 fee was associated with the original transcript only, and the copy was free. Because the copy was free, the Court need not determine whether the copy of the transcript was necessary. Additionally, Plaintiff argues that Defendant's attorney wasted time by devoting approximately 69 pages of questioning to the issue of Plaintiff's separation from her former employer, which Plaintiff asserts is irrelevant.[2] The Court disagrees. As stated above, "'[t]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'" *Zotos*, 121 F.3d at 363 (quoting *Manildra Milling Corp.*, 76 F.3d at 1184). It was entirely reasonable at the time of the deposition to consider information about Plaintiff's prior employment relevant, especially considering that the line of questioning ultimately

[2]Plaintiff confusingly asserts that only $368.69 (1/4 of the $1,374.75 fee, plus shipping and handling) should be allowed for the deposition transcript. This is inconsistent with Plaintiff's assertion that 69 of the 423 total deposition transcript pages were irrelevant. It would not make sense to conclude that 1/4 of the transcript was irrelevant (and 3/4 of the transcript was relevant), and then only allow Plaintiff to recover 1/4 of the cost of that transcript.

led Defendant to discover that Plaintiff lied on her application and that Plaintiff had a history of improper conduct in the work place. Thus, the Court will award Defendant $1,549.75 for Plaintiff's deposition transcript, which includes $1,374.75 for the transcript, a $150.00 attendance fee (to which Plaintiff did not object), and a $25.00 shipping and handling fee (to which Plaintiff did not object).[3]

Plaintiff also objects to the amount Defendant requested for the deposition of Melissa Henry. Plaintiff argues that the deposition was not necessary because Defendant had a declaration from Melissa Henry that contained all of the relevant information, and Defendant relied on that declaration in its Motion for Summary Judgment. What Plaintiff fails to recognize, however, is that Defendant also relied on Melissa Henry's deposition testimony in its Motion for Summary Judgment, as did this Court in granting Defendant's Motion. Moreover, it was reasonable to believe that the deposition was necessary at the time it was taken because Plaintiff was the one who requested the deposition. Thus, the Court will award $766.90 to Defendant for the cost of the transcript of Melissa Henry's deposition.[4]

Next, Plaintiff objects to Defendant's request for the cost labeled "Transcript - Rough ASCII" on the bill for Chuck Smith's deposition. Plaintiff argues that it is unclear what service was provided for the $143.00 charged, and she should not have to pay for services that were not

---

[3]The bill for the transcript of Plaintiff Denise Farnsworth's deposition was $1,626.25. The $1,549.75 awarded here by the Court represents the total bill, less the cost of the "CD Depo Litigation Package" ($34.00), the $21.25 charge for "Exhibit - copy, scan & OCR," and the $21.25 charge for "Exhibit scanning & OCR," all of which are discussed in subsequent paragraphs.

[4]The bill for the transcript of Melissa Henry's deposition was $802.90. The $766.90 awarded here by the Court represents the total bill, less the cost of the "CD Depo Litigation Package" ($36.00), which is discussed in a subsequent paragraph.

reasonably necessary. Defendant explains that this fee was incurred to obtain a rough draft of the transcript of Chuck Smith's deposition before the standard ten business days that it usually takes to obtain a final draft. Chuck Smith's deposition was held on August 13, 2009, and the depositions of Stephanie Maher-Lodholz, Ginger Claflin, and Brett Steckler were all held on August 24, 2009. Because there were only seven business days between these depositions, the Court concludes that it was reasonably necessary for Defendant to obtain the rough draft of the transcript of Chuck Smith's deposition for use in preparing for and conducting those other depositions. Thus, the Court will award Defendant the $143.00 requested for the fee for the rough draft.

Plaintiff also objects to the $34.00 and $36.00 requested by Defendant for the cost of the CD Depo Litigation Packages purchased for the depositions of Plaintiff and Melissa Henry, respectively. Plaintiff argues that these expenses were not reasonably necessary for the preparation of Defendant's case. The Court disagrees. As explained by Defendant, the CD Depo Litigation Package includes an electronic copy of the transcript and exhibits associated with the deposition for which the package was purchased. Having electronic copies of transcripts and exhibits allows an attorney to search the text of those documents with ease, and makes it possible to display portions of the transcript on a screen for the jury. These benefits far outweigh the minimal cost associated with obtaining electronic copies. The Court concludes that the electronic copies were reasonably necessary, and will award Defendant the $70.00 requested.

Finally, Plaintiff objects to the two exhibit copying and scanning charges of $21.25 included on the bill for the deposition of Plaintiff, and for which Defendant seeks reimbursement. Plaintiff argues that charges are duplicative and, thus, one of them is not reasonably necessary.

However, Defendant has clarified that these two charges are not duplicative, rather one is for copying exhibits, while the other is for scanning exhibits. Thus, the Court will allow the two non-duplicative charges of $21.25. Defendant is awarded an additional $42.50.

The Court has examined the objections raised by Plaintiff to the costs requested in Defendant's Motion for Bill of Costs, and has concluded that each cost should be granted. Thus, Defendant is awarded a total of $9,573.70.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Covidien, Inc.'s Motion for Bill of Costs [doc. #30] is **GRANTED**. The Clerk of Court shall tax costs in the amount of $9,573.70 against Plaintiff Denise Farnsworth, and in favor of Defendant Covidien, Inc.

Dated this 28th Day of May, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE